1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC DOCKEN, et. al., | CASE NO. 14-5365 RJB |
| Plaintiffs, | ORDER ON MOTIONS FOR SUMMARY JUDGMENT, MOTION TO COMPEL AND MOTION TO REMAND |
| v. | |
| CITY OF EDGEWOOD, MARK BAUER, and JANE DOE BAUER, and the marital community comprised thereof, | |
| Defendants. | |

17   This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment

18 Re: Violation of Civil Rights Act (Dkt. 24), Defendants' Cross Motion for Summary Judgment

19 Dismissing Plaintiffs' First Cause of Action (42 U.S.C. § 1983) (Dkt. 29), Defendants' Motion

20 for Partial Summary Judgment Dismissing Plaintiffs' Second Cause of Action (Dkt. 31, re-filed

21 and referred herein as Dkt. 32), Plaintiffs' Motion for Remand to Washington State Court, to

22 Terminate all Motions, Stay Discovery, and for Award of Fees and Costs (Dkt. 37), and

23 Defendants' Motion to Compel Plaintiffs to Disclose Computation of Damages Being Claimed

24

1   and Supporting Documentation as Required by Fed. R. Civ. P. 26(a)(1)(A)(iii) (Dkt. 33).  The

2   Court has considered the pleadings filed regarding the motions and the file.

3          In this civil rights case, Plaintiff property owners seek damages and other relief against

4   the City of Edgewood, Washington, the City Manager, Mark Bauer, and Mr. Bauer's wife and

5   marital community, for the violation of Plaintiffs' due process rights in connection with an

6   attempted 2011 assessment for construction of a proposed sewer system.  Dkt. 1-1.

7                    **I.      FACTS AND PROCEDURAL HISTORY**

8          On March 13, 2014, the Washington State Court of Appeals annulled the assessments on

9   statutory grounds and then held that the City of Edgewood also "denied the owners' due process

10  right to a meaningful opportunity to be heard."  *Hasit LLC v. City of Edgewood (Local*

11  *Improvement Dist. #1)*, 179 Wash. App. 917, 954 (2014).

12         After the 30 day period for appeal or reconsideration of that decision lapsed, Plaintiffs filed

13  this action in Pierce County Superior Court.  *Docken v. City of Edgewood,* Pierce County

14  Washington Superior Court Case number 14-2-07968-6.  In Plaintiffs' First Cause of Action,

15  they seek damages, attorneys' fees, and costs under 42 U.S.C. § 1983, *et. seq*., for violation of

16  their procedural due process rights as found by the Washington State Court of Appeals in *Hasit*.

17  Dkt. 1, at 20.  In their Second Cause of Action, Plaintiffs seek an injunctive relief:  an order

18  enjoining the City from assessing to them the legal costs, including attorneys' fees, associated

19  with "litigating its unconstitutional assessment process."  *Id*.

20         Defendants removed this case on May 2, 2014, asserting that this court had subject matter

21  jurisdiction pursuant to 28 U.S.C. § 1331, federal question, because Plaintiffs were seeking relief

22  under 42 U.S.C. § 1983, *et. seq*.  Dkt. 1.  Defendants' Answer, filed June 24, 2014, asserts, in

23

24

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT, MOTION TO COMPEL AND
MOTION TO REMAND- 2

1   part, that Plaintiffs' claims are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341.  Dkt.

2   14, at 23.

3       Plaintiffs filed the instant Motion for Partial Summary Judgment Re: Violation of Civil

4   Rights Act, arguing that summary judgment should be entered as to the Defendants' liability for

5   violating Plaintiffs' constitutional rights.  Dkt. 24.  Plaintiffs state that a trial will be necessary to

6   determine damages.  *Id.*

7       Defendants responded timely (Dkt. 28) and filed their Cross Motion for Summary Judgment

8   Dismissing Plaintiffs' First Cause of Action (42 U.S.C. § 1983) (Dkt. 29).  Defendants filed an

9   additional motion, seeking dismissal of Plaintiffs' second cause of action.  Dkt. 32.  In both

10  motions, Defendants argue that the Court does not have jurisdiction to consider either of

11  Plaintiffs' causes of action because of the TIA, and even if it did, should not exercise jurisdiction

12  under the doctrine of comity.  Dkts. 29 and 32.  Defendants also advance other arguments for

13  dismissal.  *Id.*

14      As ordered by the Court, Plaintiffs filed a combined response to the Defendants' motions and

15  reply to their own motion on March 23, 2015.  Dkt. 36.  In this pleading, Plaintiffs also argue

16  that the Court does not have subject matter jurisdiction to consider Plaintiffs' claims under TIA

17  and /or should decline to exercise any jurisdiction it may have for comity reasons.  *Id.*

18      The same day, Plaintiffs also filed their motion for remand, again arguing that the Court does

19  not have subject matter jurisdiction pursuant the TIA.  Dkt. 37.  In that motion, Plaintiffs argue

20  that the Court should remand the case, terminate all motions, stay discovery and award them fees

21  and costs "associated with the unwarranted federal phase of this litigation directly as a result of

22  Defendants' legal maneuvers."  *Id,* at 2-3.  The motion to remand is noted for consideration on

23  April 17, 2015.  *Id.*

24

1    Defendants also have pending a motion to compel discovery.  Dkt. 33.  That motion is noted

2    for April 3, 2015.  *Id.*

3                              **II.      DISCUSSION**

4    **A.  CROSS MOTIONS FOR SUMMARY JUDGMENT - THE TIA AND THE
         DOCTRINE OF COMITY**

5         The TIA provides that federal district courts "shall not enjoin, suspend or restrain the

6    assessment, levy or collection of any tax under State law where a plain, speedy and efficient

7    remedy may be had in the courts of such State."  28 U.S.C. § 1341.  "The Supreme Court

8    repeatedly has characterized the Act as a 'broad jurisdictional barrier,' which 'limits drastically

9    federal district court jurisdiction to interfere with so important a local concern as the collection

10   of taxes.'"  *Lowe v. Washoe County*., 627 F.3d 1151, 1155 (9th Cir. 2010)(*quoting Arkansas v.

11   Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997) and *California v. Grace Brethren

12   Church*, 457 U.S. 393, 408–09 (1982)). The TIA prohibits both declaratory and injunctive relief,

13   as well as § 1983 suits for damages.  *Id.* (*internal citations omitted*).

14        Under the doctrine of comity, federal courts are counseled to "resist entanglement in certain

15   cases falling within their jurisdiction."  *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424

16   (2010).  "[P]rinciples of federalism and comity generally counsel that courts should adopt a

17   hands-off approach with respect to state tax administration."  *Nat'l Private Truck Council, Inc. v.

18   Oklahoma Tax Comm'n*, 515 U.S. 582, 586 (1995).  "The comity doctrine is more embracive

19   than the TIA."  *Levin,* at 424.

20        Parties agree that the Court does not have subject matter jurisdiction and/or if it does have

21   jurisdiction should not exercise it under the doctrine of comity.  The Court will not reach the

22   parties' remaining arguments raised in their motions for summary judgment.  Defendants'

23   Motions (Dkts. 29, 31 refiled as 32) should be granted to the extent that it argues that the Court

24

1   does not have subject matter jurisdiction or that if it does, that under the doctrine of comity,

2   should not exercise jurisdiction and should be stricken as moot in all other respects.  Plaintiffs'

3   motion for summary judgment (Dkt. 24) should be stricken as moot, in light of the fact that

4   Plaintiffs now also argue that the court either doesn't have jurisdiction or should not exercise it.

5   All deadlines, including the discovery deadline, should be stricken.

6        As urged by Plaintiffs, the case should be remanded to Pierce County Washington Superior

7   Court.  Defendants contend that Plaintiffs' first cause of action is barred by res judicata and so

8   the Court should dismiss that claim with prejudice because remanding the matter would be futile.

9   Dkt. 38.  It is not entirely certain that the claims are barred by res judicata, and for reasons of

10  comity, the Court declines Defendants' invitation to dismiss the claim with prejudice.

11       In addition to its arguments regarding the TIA, Defendants also argue that Plaintiffs' second

12  cause of action should be dismissed with prejudice, arguing in part, that the claims are moot, that

13  Plaintiffs have an adequate remedy at law and so injunctive relief is not available, and they

14  should have appealed the contingency assessment for legal fees in 2011.  Dkt. 39.  Again, parties

15  agree the Court does not have jurisdiction to consider this claim under the TIA, and for reasons

16  of comity the Court will not further consider the arguments raised.  The case should be remanded

17  to the Pierce County Superior Court.

18  **B.  DEFENDANTS' MOTION TO COMPEL**

19       Defendants' Motion to Compel Plaintiffs to Disclose Computation of Damages Being

20  Claimed and Supporting Documentation as Required by Fed. R. Civ. P. 26(a)(1)(A)(iii) (Dkt. 33)

21  should be stricken because this Court does not have jurisdiction to consider the case.

22  **C.  PLAINTIFFS' MOTION TO REMAND, TO STRIKE ALL MOTIONS AND FOR
       ATTORNEYS' FEES**

23

24

ORDER ON MOTIONS FOR SUMMARY
JUDGMENT, MOTION TO COMPEL AND
MOTION TO REMAND- 5

1    Plaintiffs' Motion for Remand to Washington State Court, to Terminate all Motions, Stay

2    Discovery, and for Award of Fees and Costs (Dkt. 37) is noted for consideration on April 17,

3    2015.  The motion should be stricken as moot as to all the relief it seeks except for the motion for

4    award of attorneys' fees pursuant to 28 U.S.C. 1447(c).  Defendants' response, if any, should

5    only address the motion for award of attorneys' fees pursuant to 28 U.S.C. 1447(c) and should

6    otherwise be filed in accord with the Fed. R. Civ. P. and the Local Rules of the Western District

7    of Washington.

8                               **III.    ORDER**

9    **IT IS ORDERED**:

10   • Plaintiffs' Motion for Partial Summary Judgment Re: Violation of Civil Rights

11     Act (Dkt. 24) **IS STRICKEN AS MOOT**;

12   • Defendants' Cross Motion for Summary Judgment Dismissing Plaintiffs' First

13     Cause of Action (42 U.S.C. § 1983) (Dkt. 29) **IS GRANTED** to the extent that it

14     argues that the Court does not have subject matter jurisdiction or that if it does,

15     that under the doctrine of comity, should not exercise jurisdiction, and **IS**

16     **STRICKEN AS MOOT** in all other respects;

17   • Defendants' Motion for Partial Summary Judgment Dismissing Plaintiffs' Second

18     Cause of Action (Dkt. 31, re-filed and referred herein as Dkt. 32) **IS GRANTED**

19     to the extent that it argues that the Court does not have subject matter jurisdiction

20     or that if it does, that under the doctrine of comity, should not exercise

21     jurisdiction, and **IS STRICKEN AS MOOT** in all other respects;

22

23

24

- Defendants' Motion to Compel Plaintiffs to Disclose Computation of Damages Being Claimed and Supporting Documentation as Required by Fed. R. Civ. P. 26(a)(1)(A)(iii) (Dkt. 33) **IS STRICKEN;**

- Plaintiffs' Motion for Remand to Washington State Court, to Terminate all Motions, Stay Discovery, and for Award of Fees and Costs (Dkt. 37) **IS STRICKEN AS MOOT** as to all requests for relief except the motion for attorneys' fees pursuant to 28 U.S.C. 1447(c); and

- Defendants' response to Plaintiffs' Motion for Remand to Washington State Court, to Terminate all Motions, Stay Discovery, and for Award of Fees and Costs (Dkt. 37), if any, shall only address the motion for award of attorneys' fees pursuant to 28 U.S.C. 1447(c) and should otherwise be filed in accord with the Fed. R. Civ. P. and the Local Rules of the Western District of Washington.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd  day of April, 2015.

ROBERT J. BRYAN
United States District Judge